THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAFAEL LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-2980 |
| | § | |
| DORADO WATERPROOFING, | § | |
| L.L.C., and LUIS ANGEL | § | |
| MONTENEGRO, INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

SUMMARY OF SUIT

1.    Defendant Dorado Waterproofing, L.L.C. (the "Company") provides sealants, waterproofing, specialty coating, glazing, water repellent, graffiti control, metal flashing, air, vapor and weather barriers, and expansion joint systems to primarily its commercial and/or industrial customer and clients. The Company is owned and operated by Defendant Luis Angel Montenegro ("Montenegro"), its owner and sole director. Reference to the "Defendants" is collectively to the Company and Montenegro.

2.    Unfortunately, the Defendants do not pay their non-exempt employees for all hours worked, including overtime compensation. As such, the Defendants did not pay their non-exempt employee, Plaintiff Rafael Lopez (the "Plaintiff"), one and one-half (1½) times his regular hourly rate for hours worked over forty (40) per workweek in violation of the Fair Labor Standards Act.

<u>JURISDICTION AND VENUE</u>

3.    This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2020) and 28 U.S.C. § 1331 (2020).

4.    The Plaintiff brings this Complaint in the district in which the Company does business and where a substantial portion of the conduct charged herein occurred.  As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2020).

<u>THE PARTIES</u>

5.    The Plaintiff, a resident of Houston, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing his duties for the Company, the Plaintiff engaged in commerce or in the production of goods for commerce.

6.    The Company, an enterprise engaged in commerce, is a limited liability company with its principal place of business located in Houston, Texas.  The Company has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  The Company may be served with process by serving Montenegro, its registered agent, at 4925 Talina Way, Houston, Texas 77041, 5437 Clara Road, Houston, Texas 77041, or 5441 Clara Road, Houston, Texas 77041.

7.    Montenegro has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  Montenegro may be served with process at 4925 Talina Way, Houston, Texas

-2-

77041, 5437 Clara Road, Houston, Texas 77041, or 5441 Clara Road, Houston, Texas 77041.

<u>BACKGROUND</u>

8.    The Plaintiff was continuously employed by the Defendants as a working supervisor performing the same daily job duties as the Company's other laborers during the three (3) year period preceding the filing of this Complaint.  The Plaintiff typically worked more than forty (40) hours each week but was not paid for all hours worked.  The Plaintiff was also not paid overtime compensation at one and one-half (1½) his hourly rate for hours worked over forty (40) hours each week.

9.    In particular, the Plaintiff was required to be at work at 6:30 a.m., however, the Company did not begin paying him until 7:00 a.m.  In addition, the Company did not pay the Plaintiff for the time spent returning the Company work truck from the job site to the Company facility.  Finally, the Plaintiff received the same hourly rate for all hours worked regardless of whether he worked more than forty (40) hours in a workweek.

10.    As a non-exempt employee, the Plaintiff was entitled to be paid for (i) all hours worked and (ii) one and one-half (1½) times his regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2020).

11.    No exemption excuses the Defendants from paying the Plaintiff (i) for all hours worked and (ii) overtime compensation

for all hours worked over forty (40) hours each work week.  Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiff.

12.  Montenegro has a substantial financial interest in the Company and is directly involved in:

    a.   the hiring and firing of its employees;

    b.   its day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by its employees;

    c.   its finances; and

    d.   corporate decisions.

13.  The Company generated gross annual revenues of at least $500,000.00.

CAUSE OF ACTION

A. <u>Unpaid Compensation</u>

14.  The Company required the Plaintiff to be at work at 6:30 a.m., however, the Company did not begin paying the Plaintiff until 7:00 a.m.  The Plaintiff was also not paid by the Company for the time spent returning the Company work truck from the job site to the Company facility.

15.  The Plaintiff was entitled to be paid for all hours worked and the Defendants' practice of failing to pay the Plaintiff for all hours worked was and is a clear violation of the FLSA.

-4-

### B. Unpaid Overtime Compensation

16.  The Plaintiff regularly worked in excess of forty (40) hours per week for which he was not compensated at one and one-half (1½) times his regular rate of pay.

17.  As a non-exempt employee, the Plaintiff was entitled to be paid one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2020). Accordingly, the Defendants' practice of failing to pay the Plaintiff overtime compensation was and is a clear violation of the FLSA.

18.  No exemption excused the Defendants from paying the Plaintiff one and one-half (1½) times his regular hourly rate for hours worked over forty (40) hours. Nor did  the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Plaintiff.

19.  Accordingly, the Plaintiff is entitled to overtime pay in an amount which is one and one-half (1½) times his regular rate of pay.

20.  In addition, the Plaintiff is entitled to an amount equal to all of his unpaid wages, including overtime wages, as liquidated damages.

21.  Finally, the Plaintiff is entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2020).

<u>PRAYER</u>

WHEREFORE, Plaintiff Rafael Lopez requests that this Court award him judgment, jointly and severally, against Defendants Dorado Waterproofing, L.L.C., and Luis Angel Montenegro, Individually, for:

a.   damages for the full amount of the Plaintiff's unpaid overtime compensation;

b.   an amount equal to the Plaintiff's unpaid overtime compensation as liquidated damages;

c.   reasonable attorneys' fees, costs and expenses of this action;

d.   pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e.   such other and further relief as may be allowed by law.

Respectfully submitted,

/s/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com